```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/9/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN SMITH,

                Plaintiff,

      v.

THE SCHOOL OF VISUAL ARTS;
PRESIDENT DAVID RHODES; and
FRANK AGOSTA,

                Defendants.

No. 15-CV-8049 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Kevin Smith, a former security guard at the School of Visual Arts ("SVA"), filed this suit *pro se* alleging discrimination and retaliation by the SVA, David Rhodes, and Frank Agosta (collectively, "Defendants"). Defendants move to dismiss and for sanctions. For the reasons that follow, the motion to dismiss is granted and the motion for sanctions is denied.

## BACKGROUND

On March 3, 2010, the SVA hired Smith to work as a security guard. Dkt. 2 at 14.[1] On February 11, 2011, Smith filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging discrimination by the SVA and retaliation for his advocacy on behalf of a co-worker (hereinafter, the "2011 NYSDHR Complaint"). Dkt. 2 at 12. On May 27, 2011, the NYSDHR dismissed the 2011 NYSDHR Complaint due to a lack of "sufficient support for a

---

[1] As the Complaint filed here attached numerous documents without page numbers, citations to the Complaint reflect the electronic filing page number and are in the form of "Dkt. 2 at __."

conclusion that complainant was subject to any negatively material alteration in the terms or conditions of his employment." Dkt. 2-4 at 13;[2] Decl. of John P. Barry Ex. C.

Smith continued to work at the SVA until an audit of the SVA's staff revealed that his security officer license was suspended due to a prior felony conviction. Dkt. 2-3 at 16. On September 1, 2011, citing the suspension of his license, the SVA placed Smith on unpaid administrative leave, but allowed him to return to work on September 15 after his license was reinstated. Dkt. 2-3 at 38–39. Eight days later, however, on September 28, Smith's license was again suspended and SVA again placed him on unpaid administrative leave. *Id.* On November 14, 2011, the SVA terminated Smith's employment. Dkt. 2 at 13.

On November 13, 2012, Smith filed a second complaint with the NYSDHR alleging retaliatory termination (hereinafter, the "2012 NYSDHR Complaint"). Dkt. 2 at 12; Dkt. 2-1 at 41. Following its investigation, NYSDHR docketed Smith's case for a public hearing before Administrative Law Judge Robert J. Tuosto. Dkt. 2 at 12. On June 5, 2015, Judge Tuosto ordered that the 2012 NYSDHR Complaint be dismissed. Dkt. 2-3 at 15–17.

On August 28, 2015, Smith filed a charge with the EEOC (hereinafter, the "2015 EEOC Charge"). Dkt. 2 at 8. In the 2015 EEOC Charge, Smith referenced the 2012 NYSDHR Complaint and requested a Notice of Right to Sue, which the EEOC issued on August 31, 2015. *Id.* On October 9, 2015, Smith filed a Complaint in this Court, attaching documents related to his employment at the SVA and portions of the records in his prior administrative actions. According to the instant Complaint, the Defendants' discriminatory conduct included the "termination of [his] employment" and the "unequal terms and condition of [his] employment." Dkt. 2 at 3. He asserted

---

[2] The instant Complaint attaches only the first page of the Determination and Order after Investigation denying the 2011 NYSDHR Complaint. The Court will nonetheless consider the full document, submitted by Defendants, as the document was "attached to the complaint as an exhibit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

2

that he was "falsely terminated, was not given opportunity to present my case to my accuser, have (key) witness of my case whom was also terminated due to the following" (sic). *Id.*

On November 12, 2015, this Court granted Smith's application to proceed *in forma pauperis* and on February 26, 2016, Defendants filed motions to dismiss and for sanctions. Smith opposed the motions on April 14, 2016, and Defendants replied on April 28, 2016.

## DISCUSSION

The Court construes the instant Complaint as alleging discrimination and retaliation in violation of the New York State Human Rights Law, New York State Executive Law § 296, *et seq.*, ("NYSHRL"), the New York City Human Rights Law, New York City Administrative Code § 8–107, *et seq.*, ("NYCHRL"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendants seek to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They argue: (i) that this Court lacks jurisdiction to adjudicate Smith's state law claims because they are barred by the election-of-remedies provisions of the NYSHRL and NYCHRL; and (ii) that this Court should dismiss Smith's federal claims because they are time-barred under Title VII. Defendants also move for Rule 11 sanctions based on these deficiencies.

### I. Motion to Dismiss

#### A. NYSHRL and NYCHRL Claims

Defendants move to dismiss Smith's NYSHRL and NYCHRL claims for lack of jurisdiction pursuant to Rule 12(b)(1). On such a motion, "plaintiff . . . has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)). "'Despite the lenient standards with which courts review *pro se* complaints, *pro se* plaintiffs must establish subject matter jurisdiction.'" *Levi v. RSM McGladrey, Inc.*, No. 12-CV-

8787 (ER), 2014 WL 4809942, at *3 (S.D.N.Y. Sept. 24, 2014), *appeal dismissed* (Dec. 9, 2014) (quoting *Hill v. Douglas*, No. 09-CV-4259 (JS) (ARL), 2010 WL 395817, at *2 (E.D.N.Y. Jan. 15, 2010)).

Defendants argue that this Court lacks jurisdiction over Smith's state law claims because of the election-of-remedies provisions in the NYSHRL and NYCHRL. "Both laws contain an election of remedies provision that bars a person who has filed a complaint with any local commission on human rights from filing a lawsuit for the same cause of action." *Alston v. Microsoft Corp.*, No. 08-CV-3547 (DC), 2009 WL 1116360, at *4 (S.D.N.Y. Apr. 27, 2009) (internal quotations and alteration omitted); *see also* NYS Executive Law § 297(9); NYC Administrative Code § 8–502(a). These provisions act as a "direct bar" to a court's jurisdiction over any claims previously submitted to the NYSDHR and act as a "derivative bar" for "claims arising out of the same incident on which [the NYSDHR] complaint was based." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011). This derivative bar also prevents a plaintiff from asserting claims against new defendants based on the same alleged discriminatory conduct. *See El Sayed v. Hilton Hotels Corp.*, No. 07-CV-11173 (DC), 2008 WL 3362828, at *5 (S.D.N.Y. Aug. 7, 2008) ("Because the present claims against them are based on the same facts as the administrative complaint filed with the [NYS Human Rights] Division, [plaintiff] is barred from commencing an action against the additional defendants in this Court."). "[T]here is no question that the election-of-remedies provisions at issue here apply to federal courts as well as state." *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002).

The Complaint filed here asserts that Smith was "falsely terminated, was not given opportunity to present my case to my accuser, have (key) witness of my case whom was also terminated due to the following" (sic). Dkt. 2 at 3. In support of this allegation, Smith attached

the 2012 NYSDHR Complaint alleging retaliatory termination. *See* Dkt 2 at 12 As Smith elected to file a claim for retaliatory termination with the NYSDHR, he is barred from asserting any NYSHRL or NYCHRL claims for the same alleged discrimination in federal court. *See Higgins*, 836 F. Supp. 2d at 188. The NYSHRL and NYCHRL claims are thus dismissed.

### B.  Title VII Claims

Defendants also move to dismiss Smith's federal Title VII causes of action for failure to state a claim pursuant to Rule 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "When faced with a pro se complaint, the Court must 'construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests.'" *Pratt v. City of New York*, 929 F. Supp. 2d 314, 316–17 (S.D.N.Y. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (alterations in original).

Defendants argue that Smith's Title VII claims of discrimination and retaliation are time-barred. The Court agrees. "Title VII requires a plaintiff to file a charge of discrimination with the EEOC within 300 days of the alleged act of discrimination." *Yobo v. New York State Facilities Dev. Corp.*, 13 F. App'x 41, 43 (2d Cir. 2001). The filing of a timely charge with the EEOC, however, "is 'a requirement that . . . is subject to waiver, estoppel, and equitable tolling.'" *Fils-Aime v. Chase Manhattan Bank*, 1 F. App'x 24, 26 (2d Cir. 2001) (alteration in original) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). "Equitable tolling is generally 'appropriate only where the defendant has actively misled the plaintiff respecting the cause of

5

action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum.'" *Mazurkiewicz v. New York City Health & Hosps. Corp.*, 356 F. App'x 521, 522 (2d Cir. 2009) (quoting *Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978)).

Defendants assert that because Smith's EEOC charge was filed on August 28, 2015, he could meet Title VII's procedural requirements only for alleged discrimination occurring in the 300 days prior to that: in other words, on or after November 1, 2014. The latest date that Smith alleges discriminatory or retaliatory conduct, however, is November 14, 2011—the date of Smith's termination by the SVA and nearly four years before Smith filed the 2015 EEOC Charge. Smith cannot, therefore, meet the 300-day requirement because his 2015 EEOC Charge was filed more than 300 days following the alleged discrimination. Moreover, he does not identify any basis for tolling his claims. This failure to comply with Title VII's 300-day requirement is fatal to Smith's federal claims and they are thus dismissed.

## II. Rule 11 Sanctions

Defendants also moved for sanctions. "When dealing with pro se litigants, against whom Rule 11 applies and sanctions are available, a court should proceed even more cautiously, for ordinarily, pro se parties are held to much more lenient standards than attorneys." *Treanor v. Treanor*, No. 08-CV-0151 (HB), 2012 WL 1448848, at *3 (S.D.N.Y. Apr. 25, 2012) (internal quotations omitted). Defendants argue that sanctions are appropriate here because Smith's state law claims are plainly barred by election of remedies, his Title VII claims are time-barred, and Defendants informed Smith of these deficiencies at least three weeks prior to the filing of the sanctions motion. Defs.' Mem. in Support of Sanctions at 7–8. As Smith is proceeding *pro se* and is entitled to a more lenient Rule 11 standard, the Court declines to impose sanctions. *See Smith*

*v. Seinfeld*, No. 13-CV-4211 (JMF), 2014 WL 700202, at *3 (S.D.N.Y. Feb. 24, 2014) ("In light of . . . Plaintiff's *pro se* status, the Court declines to impose sanctions."); *Toro v. Depository Trust Co.*, No. 97-CV-5383 (SAS), 1997 WL 752729, at *5 (S.D.N.Y. Dec. 4, 1997) ("Adhering to the general reluctance of courts to impose sanctions against a pro se plaintiff, I decline to award attorneys' fees to defendants.").

## CONCLUSION

As the Court lacks jurisdiction over Smith's NYSHRL and NYCHRL claims and Smith's federal claims violate Title VII's timing prerequisites for filing suit, the Complaint is dismissed. The motion for sanctions is denied.

If Smith seeks to amend his Complaint he must either: (i) allege that he received a Notice of Right to Sue related to a charge filed with the EEOC within 300 days of alleged discrimination, *see Newsome v. Berman*, 24 F. App'x 33, 34 (2d Cir. 2001) ("The right to sue letter is a necessary prerequisite to filing suit."); or (ii) ask this Court to excuse his failure to meet the 300-day requirement in filing the 2015 EEOC Charge by explaining why he is entitled to equitable tolling, which is "generally 'appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum,'" *Mazurkiewicz*, 356 F. App'x at 522 (2d Cir. 2009) (quoting *Am. President Lines, Ltd.*, 571 F.2d at 109). Such an amended complaint must be filed no later than July 9, 2016 and may only be filed if Plaintiff has a good faith basis for doing so.

SO ORDERED.

Dated: June 9, 2016
New York, New York

Ronnie Abrams
United States District Judge